IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL PATRICK SERDULA, | * | CIVIL ACTION NO. |
| GDC# 100702570, | * | 1:25-CV-7150-ELR-JSA |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | HABEAS CORPUS |
| ERIC COX, Warden, | * | 28 U.S.C. § 2254 |
| | * | |
| Respondent. | * | |

ANSWER-RESPONSE

COMES NOW Respondent, through counsel, Christopher M. Carr, Attorney General for the State of Georgia, and makes this answer in response to the allegations of the petition and the show cause order, by showing and stating as follows:

ALLEGATIONS OF THE PETITION

1.

Respondent denies that Petitioner's constitutional rights have been violated as alleged in the petition. All material averments of the petition are denied. A more detailed factual and legal statement of Respondent's position is set forth in the brief filed with this answer and incorporated by reference herein.

1

2.

With respect to the grounds of the petition and attached brief in support (Doc. 1), Respondent asserts the following:

(a)     Respondent denies the allegations in ground 1 of the petition, wherein Petitioner alleges (i) a denial of due process and; a denial of his Sixth Amendment right to effective assistance of counsel when: (ii) trial counsel (Jimmy Berry) failed to present readily available evidence (i.e., public campaign finance documents to show that Head was Green's treasurer for Green's judicial campaign) relevant to the relationship between Judge Reuben Green and Cobb County District Attorney Pat Head at the first recusal hearing to secure the recusal of Judge Green and failed to move for further recusal once Judge Green testified at the first recusal hearing; (iii) motion for new trial counsel Mitch Durham failed to raise this properly at the motion for new trial stage; (iv) appellate counsel Nathanael Horsley failed to raise this properly in the first direct appeal in *Serdula v. State,* 344 Ga. App. 587 (2018) ("*Serdula I*"); (v) and final appellate counsel Ashleigh Merchant failed to raise this properly in the second direct appeal in *Serdula v. State,* 356 Ga. App. 94 (2020) ("*Serdula II*"), by failing to ensure exhibits were included in the record on appeal.[1]  Respondent avers that the state appellate

---

[1] Respondent notes that Petitioner alleges that "counsel at every stage" failed to secure the recusal of Judge Green, though he focuses on trial counsel and

court in *Serdula I* found that claim (ii) was waived, as the specific issue of trial counsel's performance in presenting the recusal motion was never raised at the motion for new trial or at the hearing on that motion, so that this Court should defer to that finding of default and decline to review the merits. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

(b)     Without waiving exhaustion, Respondent denies the allegations in ground 2 of the petition, wherein Petitioner alleges (i) a denial of due process regarding his competency to waive his right to a jury trial; and, a denial of his Sixth Amendment right to effective assistance of counsel when: (ii) trial counsel failed to demand a competency hearing upon learning of the psychological report by Dr. Shaffer, instead allowing Petitioner to waive a jury trial and stipulate to a bench trial while Petitioner's competency was in doubt; (iii) both Durham and Horsley failed to properly raise and develop this ineffectiveness claim at the motion for new trial and in *Serdula I;* and, (iv) Merchant failed to argue in *Serdula II* that the state court's rulings on this competency issue were contrary to federal law.  Respondent submits that claim (ii) is new as pled[2] but procedurally defaulted under Georgia's

---

appellate counsel Merchant in his brief.  (Doc. 1-1, pp. 25-27).  Respondent parses out this ground to include each appellate counsel out of an abundance of caution.  Respondent notes that the state habeas court addressed all these claims on the merits.

[2] Appellate counsel in *Serdula I and II* both raised ineffective assistance of trial counsel "for failing to argue that [Petitioner] suffered from a delusional

successive petition rule of O.C.G.A. § 9-14-51, as Petitioner did not raise it in his state habeas corpus case and it is clear that it would be deemed successive if now raised.

(c) Respondent denies the allegations in ground 3 of the petition, wherein Petitioner alleges a denial of his Sixth Amendment right to effective assistance when: (i) trial counsel failed to move to suppress the cell phone evidence on grounds that it was seized during an unconstitutional warrantless search of Petitioner's workplace, and (ii) all subsequent appellate counsel were ineffective for failing to raise this claim.

(d) Without waiving exhaustion, Respondent denies the allegations in ground 4 of the petition, wherein Petitioner alleges a denial of his Sixth Amendment right to effective assistance when: (i) trial counsel failed to move to suppress the fatally overbroad search warrant on the grounds that it lacked a temporal limitation, and (ii) each appellate attorney failed to raise trial counsel's ineffectiveness on this basis. Respondent submits that these

---

compulsion that rendered him incompetent to stand trial." (Resp. Ex. 1, p. 25; Resp. Ex. 3, p. 51). The state appellate court did not address this issue in the first appeal and addressed the issue only with respect to criminal responsibility/the affirmative defense of delusional compulsion in the second appeal, noting his "mental state at the time of trial is irrelevant." *Serdula II* at 115 (5). The state appellate court in *Serdula II* nevertheless found no indication that Petitioner was laboring "under any mental disability at the time of trial." *Id.* at 90.

claims are new as pled[3] but procedurally defaulted under Georgia's successive petition rule of O.C.G.A. § 9-14-51, as Petitioner did not raise them in his state habeas corpus case and it is clear that it would be deemed successive if now raised.

    (e)    Respondent denies the allegations in ground 5 of the petition, wherein Petitioner alleges a denial of his Sixth Amendment right to effective assistance when: (i) he was constructively denied counsel when trial counsel failed to subject the State's case to meaningful adversarial testing, and (ii) all subsequent appellate counsel failed to properly raise this issue on direct appeal.[4]

    (f)    Without waiving exhaustion, Respondent denies the allegations in ground 6 of the petition, wherein Petitioner alleges a denial of (i) due

---

[3] Petitioner raised a multitude of grounds challenging the search warrant in his state habeas case, including for a lack of particularity, but none of them alleged that the search warrant lacked particularity based on the warrant's overbreadth for lack of a temporal limitation, as raised here. *See* (Resp. Ex. 29, pp. 35-36); (Resp. Exs 10-18).

[4] Respondent raised this ground in his state habeas corpus proceedings. In his federal petition, however, he adds that trial counsel's ineffectiveness amounted to a complete denial of counsel under *United States v. Cronic,* 466 U.S. 648 (1984). This specific framing of a complete denial of counsel under *Cronic* was not presented to the state habeas court, and thus Respondent submits that to the extent this constitutes part of the substance of his ground (as opposed to merely argument that the state habeas court misapplied federal law), it is new as pled but procedurally defaulted under Georgia's successive petition rule of O.C.G.A. § 9-14-51, as Petitioner did not raise it in his state habeas corpus case and it is clear that it would be deemed successive if now raised.

process; and his Sixth Amendment right to effective assistance when (ii) trial counsel failed to present a viable delusional compulsion defense, and (iii) subsequent appellate counsel (specifically Merchant) failed to properly litigate this issue on direct appeal. Respondent submits that claim (i) is new as pled[5] but procedurally defaulted under Georgia's successive petition rule of O.C.G.A. § 9-14-51, as Petitioner did not raise it in his state habeas corpus case and it is clear that it would be deemed successive if now raised.

## EXHAUSTION

3.

Respondent does not contest exhaustion in this case, even though Petitioner has raised new claims as delineated above, as the Court may find the requisite exhaustion of the new claims by virtue of their being defaulted under Georgia's successive petition rule, and the remaining claims were raised in Petitioner's direct appeal or state habeas case. Respondent reserves the right to contest exhaustion if Petitioner raises additional claims or tries to amend the petition to raise new grounds, as Respondent does not waive exhaustion in this case. 28 U.S.C. § 2254(b)(3).

---

[5] Petitioner raised a due process ground in ground 94 claiming that his due process rights were violated by trial counsel's failure to raise a defense or object at trial *generally* but did not specifically raise trial counsel's omission of a delusional compulsion defense in particular. (Resp. Ex. 29, p. 83; Resp. Ex. 15, p. 2).

6

## STANDARD OF REVIEW

4.

Under 28 U.S.C. § 2254(d), this Court should not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

## PRESUMPTION OF CORRECTNESS

5.

Under § 2254(e)(1), this Court should presume to be correct a determination of a factual issue made by a state court, as Petitioner has not rebutted the presumption of correctness by clear and convincing evidence.

## NO FEDERAL HEARING REQUIRED

6.

Under § 2254(e)(2), this Court should not hold a federal evidentiary hearing, as Petitioner has not shown that: (a) his claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or the claim relied on a

factual predicate that could not have been previously discovered by due diligence; or (b) the facts underlying the claims would be sufficient to show by clear and convincing evidence that, but for the constitutional error, no fact finder would have found him guilty. *Williams v. Taylor*, 529 U.S. 420 (2000).

## TRANSCRIPTS

7.

Respondent will submit the following exhibits from Petitioner's state court proceedings under a separate notice of filing:

Respondent's Exhibit 1 – a copy of Petitioner's appellant's brief on direct appeal, filed on May 12, 2017, by Nathanael Horsley in *Serdula v. State,* No. A17A1454 (Ga. App. Feb. 15, 2018) ("*Serdula I*").

Respondent's Exhibit 2 – a copy of the decision vacating Petitioner's convictions and remanding for further proceedings on February 15, 2018, on direct appeal in *Serdula v. State,* No. A17A1454 (Ga. App. Feb. 15, 2018) ("*Serdula I*").

Respondent's Exhibit 3 – a copy of Petitioner's appellant's brief on direct appeal following remand, filed on September 23, 2019, by Ashleigh Merchant, in *Serdula v. State,* No. A20A0258 (Ga. App. June 18, 2020) ("*Serdula II*").

Respondent's Exhibit 4 – a copy of the decision affirming Petitioner's convictions on June 18, 2020, on direct appeal in *Serdula v. State,* No.

A20A0258 (Ga. App. June 18, 2020) ("*Serdula II*").

Respondent's Exhibit 5 – a copy of Petitioner's motion for reconsideration, filed on June 29, 2020, in *Serdula II*.

Respondent's Exhibit 6 – a copy of the July 1, 2020, order denying Petitioner's motion for reconsideration.

Respondent's Exhibit 7 – a copy Petitioner's motion to supplement the record, filed on June 29, 2020, in *Serdula II*.

Respondent's Exhibit 8 – a copy of the July 1, 2020, order denying Petitioner's motion to supplement the record.

Respondent's Exhibit 9 – a copy of the Georgia Supreme Court's April 5, 2021, denial of certiorari from *Serdula II*.

Respondent's Exhibit 10 – a copy of Petitioner's state habeas corpus petition filed on October 1, 2021, in Dodge County.

Respondent's Exhibit 11 – a copy of Petitioner's first amendment filed on February 10, 2022.

Respondent's Exhibit 12 – a copy of Petitioner's second amendment filed on March 14, 2022.

Respondent's Exhibit 13 – a copy of Petitioner's third amendment filed on March 16, 2022.

Respondent's Exhibit 14 – a copy of Petitioner's fourth amendment filed on March 31, 2022.

Respondent's Exhibit 15 – a copy of Petitioner's fifth amendment filed on April 8, 2022.

Respondent's Exhibit 16 – a copy of Petitioner's sixth amendment filed on April 11, 2022.

Respondent's Exhibit 17 – a copy of Petitioner's seventh amendment filed on May 18, 2022.

Respondent's Exhibit 18 – a copy of Petitioner's eighth amendment filed on December 14, 2022.

Respondent's Exhibit 19 – a copy of volume 1 of 6 of the transcript from Petitioner's November 8, 2022, state habeas corpus evidentiary hearing.

Respondent's Exhibit 20 – a copy of volume 2 of 6 of the transcript from Petitioner's November 8, 2022, state habeas corpus evidentiary hearing.

Respondent's Exhibit 21 – a copy of volume 3 of 6 of the transcript from Petitioner's November 8, 2022, state habeas corpus evidentiary hearing.

Respondent's Exhibit 22 – a copy of volume 4 of 6 of the transcript from Petitioner's November 8, 2022, state habeas corpus evidentiary hearing.

Respondent's Exhibit 23 – a copy of volume 5 of 6 of the transcript from Petitioner's November 8, 2022, state habeas corpus evidentiary hearing.

Respondent's Exhibit 24 – a copy of volume 6 of 6 of the transcript from Petitioner's November 8, 2022, state habeas corpus evidentiary hearing.

Respondent's Exhibit 25 – a copy of Petitioner's post-hearing brief filed

on May 15, 2024.

Respondent's Exhibit 26 – a copy of Petitioner's post-hearing brief filed on May 17, 2024.

Respondent's Exhibit 27 – a copy of the Respondent's brief in opposition filed on May 31, 2024.

Respondent's Exhibit 28 – a copy of Petitioner's response in opposition to Respondent's response filed on June 5, 2024.

Respondent's Exhibit 29 – a copy of the state habeas court's final order denying relief on December 19, 2024.

Respondent's Exhibit 30 – a copy of Petitioner's application for a certificate of probable cause to appeal filed on January 6, 2025.

Respondent's Exhibit 31 – a copy of the Supreme Court of Georgia's order denying Petitioner's application for a certificate of probable cause on August 26, 2025.

Respondent's Exhibit 32 – a copy of the Supreme Court of Georgia's remittitur issued on September 10, 2025.

Respondent's Exhibit 33 – a copy of Petitioner's motion to remand filed in the Georgia Court of Appeals on April 18, 2017, in *Serdula I.*

DIRECT APPEALS

8.

Petitioner pursued a direct appeal from his November 2011 Cobb County bench trial convictions[6] for 19 counts of unlawful surveillance, 11 counts of aggravated sodomy, 2 counts of sexual assault against a person in custody, 1 count of child molestation, and 1 count of aggravated child molestation, and on February 15, 2018, the Georgia Court of Appeals vacated his convictions and remanded the case for further proceedings based on a recusal issue. *Serdula v. State,* 344 Ga. App. 587 (2018) (*"Serdula I"*). (Resp. Ex. 2). On June 18, 2020, following remand, the Court of Appeals affirmed Petitioner's convictions in *Serdula v. State,* 356 Ga. App. 94 (2020) (*"Serdula II"*), *cert. denied* No. S20C1508 (Ga. Apr. 5, 2021). (Resp. Exs. 4, 9).

---

[6] Petitioner's bench trial occurred on April 11, 2011, and his sentencing was conducted on November 18, 2011. (Resp. Ex. 21, p. 230, 283).

CONCLUSION

WHEREFORE, having answered the grounds of the petition and shown cause why the writ should not issue and why no hearing is necessary, Respondent prays that the Court deny habeas corpus relief.

Respectfully submitted,

CHRISTOPHER M. CARR   112505
Attorney General

BETH A. BURTON   027500
Deputy Attorney General

s/ Meghan H. Hill
MEGHAN H. HILL   342572
Senior Assistant Attorney General

s/ Elizabeth H. Brock
ELIZABETH H. BROCK   879494
Assistant Attorney General

Please serve:
ELIZABETH H. BROCK
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 458-3631
ebrock@law.ga.gov

# **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing ANSWER, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed, upon:

> Paul Patrick Serdula
> GDC# 1000702570
> Dodge State Prison
> P.O. Box 276
> Chester, GA 31012

This 18th day of February, 2026.

s/ Elizabeth H. Brock
ELIZABETH H. BROCK
Assistant Attorney General